PER Judge Peck.
Haworth was indicted in the County Court of Greene, for wilfully and maliciously throwing down seven panels of fence, the property of the prosecutor, Joseph Knight; verdict, guilty. Appeal to the Circuit Court, and change of venue to the county of Washington.
On a trial of the indictment in that county, the defendant was again convicted. There was a motion for a new trial, which the Court refused.
A bill of exceptions presented the following state of facts: —
That Knight, the prosecutor, had not the right to the premises where the offence had been committed; that the title was in the defendant, who went on the premises to request the prosecutor to leave them, who refused; angry words ensued, and the defendant threw down the fence in presence of the prosecutor, and that for some time before he had borne him ill-will and malice.
The circuit judge, before whom the cause was tried, was requested to charge the jury,
First, that as the defendant, had he been sued in an action of trespass, could have defended himself under the plea of liberum, tenementum, he could not be guilty under the Act, against malicious mischief, this being only a trespass.
Second, that as the fence thrown down was not the fence of the prosecutor, the defendant could not be convicted of malicious mischief for destroying anything of which he could not be guilty of larceny if he had taken and carried the thing away.
*71 Third, that the fence was not the fence of the prosecutor, as laid in the bill of indictment, and therefore the defendant ought not to be convicted.
The Court charged the jury that the counsel for the defendant was mistaken on all the above points to the extent insisted on.
If they believed the defendant threw down the fence maliciously, they should find him guilty; but if they thought the defendant took this method to get possession of his house and land, they should find him not guilty.
In 3 Chitty’s C. L. marginal page, 1117, in note which refers to Leach, on an indictment under the Act 9th Geo. 1, ch. 22, against malicious mischief, it is held to be material to lay in the indictment the name of the owner; the words of that Act are, “unlawfully and maliciously to cut down, or otherwise destroy, any trees planted in any avenue, or growing in any garden, orchard, or plantation, for ornament, shelter, or profit.”
It being necessary to lay the name of the owner of the property in the indictment, it must be proved as laid, being a material allegation; both Acts being silent as to the owner, they may well bear the same construction.
The case should have been left to the jury on the proof touching the right to the property. If they believed the evidence sustained the indictment in that particular, the conviction had been well; but had the case been submitted to them on the acts done and right of property, and they had believed that the proof did not support the description, the defendant was entitled to his acquittal.
By the whole Court. Judgment reversed.